UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ANDREW KOWLESSAR, individually and on behalf of others similarly situated,

    Plaintiff,

vs.                                                  Case No.: _____

EZCORP, INC. d/b/a VALUE PAWN & JEWELRY,

    Defendant.
_____/

**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA PURSUANT TO 28 U.S.C. § 1453(b), CLASS ACTION FAIRNESS ACT**

PLEASE TAKE NOTICE that, in accordance with 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, defendant EZCORP, Inc. ("Defendant" or "EZCORP") hereby removes to this Court the action entitled *ANDREW KOWLESSAR v. EZCORP, INC. d/b/a VALUE PAWN & JEWELRY*, Case No. CACE 21-018864, Div. 02, previously filed in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, pursuant to this Notice of Removal ("Kowlessar Action"). The grounds for removal are as follows:

    1.    On October 14, 2021, a civil action was commenced in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, entitled *ANDREW KOWLESSAR v. EZCORP, INC. d/b/a VALUE PAWN & JEWELRY* (CACE 21-018864, Div. 02). On October 15, 2021, EZCORP was served with a Summons, Civil Case Cover Sheet, and Complaint by personal service on EZCORP's registered agent in Florida. True and correct copies of the Summons, Civil Case Cover Sheet, Complaint, as well as the remainder of the state

court file are attached hereto as Exhibit A.  The Summons, Civil Case Cover Sheet, and Complaint, included in Exhibit A constitute all process, pleadings, and orders served upon EZCORP in the state court action to date.  Defendant also submits the Declaration of Ellen H. Bryant in Support of Removal, attached hereto as Exhibit B.

## NATURE OF THE CASE

2. The Kowlessar Action alleges that "thousands" of telephonic sales calls (text messages) have been sent on behalf of Value Pawn since July 1, 2021.  The Complaint alleges that these text messages were sent without appropriate consent by utilizing an automated system for the selection or dialing of telephone numbers.  Compl. ¶ 34.  Mr. Kowlessar alleges that he received three such text messages since July 1, 2021.  The alleged class is defined as "All persons in the United States who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff." Compl. ¶18.  Plaintiff alleges that he is "typical" and that such calls (text messages) were sent on behalf of Value Pawn to "thousands of consumers listed throughout Florida and the United States without their prior express written consent." ¶ 20; see ¶ 32.  These text messages are alleged to violate Florida law because they were sent without "prior express written consent," ¶¶ 32 - 33, and by "utilizing an automated system for the selection or dialing of telephone numbers." ¶ 34.  Plaintiff seeks a minimum of $500 per alleged violation for each putative class member pursuant to Florida Statute § 501.059.  Compl. ¶ 35.

## JURISDICTION

3. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b).  The Kowlessar Action alleges a

putative class action seeking, *inter alia*, actual damages, statutory damages, and injunctive relief for alleged violations of Florida Statute § 501.059.

4. CAFA vests federal courts with original jurisdiction over class actions in which (a) the number of members of all proposed classes in the aggregate equals or exceeds 100; (b) the amount in controversy exceeds $5,000,000; and (c) any member of the putative class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d). This suit satisfies all of the requirements under CAFA for federal jurisdiction. See Declaration of Ellen H. Bryant ("Bryant Decl."), Ex. B.

### A.  CAFA'S Diversity Requirement is Satisfied.

5. In order to satisfy CAFA jurisdiction, it is not necessary that there be complete diversity of parties. Rather, "minimal diversity" is sufficient. *Evans v. Walter Indus.*, 449 F.3d 1159, 1163 (11th Cir. 2006). The minimal diversity required by CAFA is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A); see also *Evans*, 449 F.3d at 1163.

6. The Plaintiff, Andrew Kowlessar, is a citizen and resident of the State of Florida. Ex. B, ¶ 4.

7. Defendant EZCORP is, and at all material times was, incorporated in the State of Delaware, with its principal place of business in Rollingwood, Texas. See Compl. ¶7, Ex. B, ¶ 3. EZCORP is therefore a citizen of Delaware and Texas. 28 U.S.C. §§ 1332(c)(1).

8. CAFA's minimal diversity requirement is thus satisfied because the plaintiff Kowlessar is a citizen of a state different from the defendant EZCORP. Likewise, there are

putative class members who are citizens of Florida and are diverse from Defendant, who is a citizen of Delaware and Texas.

      **B.**      **CAFA's Class Size Requirement Is Satisfied.**

9. Plaintiff seeks to certify a class consisting of all persons who were sent text messages nationwide on behalf of Value Pawn. Compl. ¶ 18. According to the Complaint, there are "thousands" of alleged class members who were sent such text messages without prior express written consent and in alleged violation of Florida law. Compl. ¶ 20. Thus, CAFA's 100-class member requirement is met.

      **C.**      **CAFA's Amount in Controversy Requirement Is Satisfied.**

10. According to the Complaint, Plaintiff seeks $500 per alleged violation for each text message allegedly in violation of Fla. Stat. § 501.059. Plaintiff's claims are alleged to be "typical of the claims of the Class Members," who have identical claims. Compl. ¶¶ 23 - 24.

11. The Complaint also alleges "thousands" of alleged class members" Compl. ¶ 20.

12. Plaintiff alleges that he received three unlawful text messages since July 1, 2021. Given the $500 statutory damages sought for each such text message on behalf of "thousands" of class members, the amount in controversy is satisfied if only 3,500 recipients received three text messages. (3,500 x $500 x 3 = $5,250,000).

13. In addition, Defendant estimates that over 10,000 text messages have been sent on behalf of Value Pawn since July 1, 2021. These text messages relate to the goods and services of Value Pawn and are alleged to be in violation of Florida law. See Ex. B, ¶ 8. Defendants denies liability, but states that the alleged damages from over 10,000 text messages exceeds $5,000,000.00 in controversy.

14. Based on these facts and allegations, CAFA's $5,000,000 threshold is satisfied. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) ("When the complaint does not claim a specific amount of damages, removal from state court is jurisdictionally proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." (internal alteration and citation omitted)); *see also Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 545 (5th Cir. 2006) ("[A]lthough the petition did not seek recovery of a specific amount, we are satisfied the petition, seeking damages for severe injuries suffered by at least 500 people and attorneys' fees, makes it 'facially apparent' that at least $5 million is in controversy, in the aggregate." (footnotes omitted)).

15. However, even if it is not clear from the Complaint whether CAFA's requisite $5,000,000.00 amount in controversy has been pled, EZCORP is able to demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *See Pretka*, 608 F.3d at 752.

16. Those text messages are alleged to violate Fla. Stat. §501.059 because the Complaint alleges that they were not authorized and that Defendant utilized an automated system for selecting or dialing numbers. Compl. ¶¶ 23, 32 - 34.

17. While Defendant denies the allegations of any violation for Florida law, the amount in controversy is measured by Plaintiff's claims, whether meritless or not.

18. Based on the estimate of more than 10,000 text messages, claimed to be unlawful, the amount in controversy exceeds $5,000,000.00.

## PROCEDURAL REQUIREMENTS

19. As noted above, Defendant was served with the Summons, Civil Case Cover Sheet, and Complaint on October 15, 2021. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

20. As required by 28 U.S.C. § 1446(a), all process, pleadings, and orders received by EZCORP in the state court action are included in Exhibit A, attached hereto.

21. As required by 28 U.S.C. § 1446(d), undersigned counsel certifies that a true and correct copy of the Notice of Removal will be filed promptly with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida.

22. As required by 28 U.S.C. § 1446(d), undersigned counsel certifies that written notice of the filing of this Notice of Removal will be given promptly to all parties.

23. A completed Federal Civil Cover Sheet accompanies this Notice of Removal.

24. Defendant reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant removes the original action brought by Plaintiff now pending in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida from that state court to this Court.

Dated:   November 15, 2021.

HOLLAND & KNIGHT LLP

/s/ Charles Wachter
Charles Wachter
Florida Bar No. 509418
charles.wachter@hklaw.com
100 N. Tampa Street, Suite 4100
Tampa, FL  33602-3644
Tel: (813) 227-8500
Fax: (813) 229-0134

Attorneys for Defendant

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on November 15, 2021, I filed Defendant's Notice of Removal with the Clerk of the Court. I also certify that the foregoing document is being subsequently served via electronic mail upon all counsel of record as follows:

Andrew Shamis, Esq.
Garrett O. Berg, Esq.
SHAMIS & GENTILE, P.A.
14 NE 1st Ave., Suite 705
Miami, FL 33132
Email: ashamis@shamisgentile.com; gberg@shamisgentile.com

Scott Edelsberg, Esq.
EDELSBERG LAW P.A.
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Email: scott@edelsberglaw.com

/s/ Charles Wachter
Attorney